UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 14 2017   ★

LONG ISLAND OFFICE

Edward Shirley on behalf of himself
and all others similarly situated,

                          Plaintiff,

v.

Nations Recovery Center, Inc. and PYOD, LLC

                          Defendant.

CV17 3591

CLASS ACTION

Jury Demanded

SPATT, J.

TOMLINSON, M.J.

Class Action Complaint for
<u>Violations of the Fair Debt Collection Practices Act</u>

1.   Plaintiff Edward Shirley ("Plaintiff" or "Shirley") files this Complaint seeking redress for the illegal practices of Defendant, Nations Recovery Center, Inc. ("Defendant" or "NRC"), and PYOD, LLC ("Defendant" or "PYOD"), in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Parties

2.   Plaintiff Edward Shirley is a citizen of New York State who resides within this District.

3.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

4. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a debt alleged to be owed for personal, family, or household services no part of which was incurred for business related items or services.

5. Defendants are regularly engaged in the collection of debts allegedly due to others, and the principal purpose of their business is the collection of debts.

6. Defendants are "debt collectors," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

10. Venue is also proper in this district since Defendant transact business in this district.

## Factual Allegations

11. Defendant NRC alleges that Plaintiff owes a judgment in the amount of $7,087.07 to a company Defendant PYOD LLC.

12. In an attempt to collect the alleged debt, Defendants sent Plaintiff a collection letter. (Exhibit A) The letter was sent on the letterhead of Defendant NRC on behalf of Defendant PYOD. Plaintiff received Exhibit A on a date subsequent ot June 13, 2017.

2

13. Exhibit A contains numerous false and misleading statements relating to the alleged debt which deprived the Plaintiff of the information to which he was legally entitled, and made it impossible for the Plaintiff to determine how to address the alleged debt.

14. Exhibit A falsely indicates that no interest accumulated on the alleged debt after the Judgment. Exhibit A fails to inform the Plaintiff that judgments accrue interest as a matter of law. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to indicate whether the alleged amount due is owed as principal, interest, or some other charge. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). Exhibit A fails to indicate whether the Plaintiff is going to continue to accumulate interest, or incur other costs.

15. Exhibit A violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed.

16. Exhibit A violates 15 USC 1692e, and various subdivisions thereto, in that it fails to indicate whether the alleged amount due is owed as principal, interest, or some other charge. *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). Exhibit A fails to indicate whether Defendant will continue to accumulate interest, or incur other costs related to the alleged judgement.

## *Class Action Allegations*

17. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

3

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

   b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether <u>Exhibit A</u> violates the FDCPA.

   c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

   d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

   e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

18. A class action is superior for the fair and efficient adjudication of the class members' claims.

19. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

20. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

21. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. This Count is brought by Plaintiff, individually, and on behalf of a class that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within New York State; and (b) on or after June 13, 2016; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint ; (d) which was not returned by the postal service as undeliverable.

24. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

25. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### Class Allegations Related to Exhibit A

26. By sending Exhibit A, the Defendant violated 15 USC 1692g(a) in that the Defendant did not properly and effectively convey the amount of the debt. To the extent that the amount of the debt was conveyed it was confused and overshadowed by additional information provided by Defendant in Exhibit A.

5

27. By sending Exhibit A, the Defendant violated 15 U.S.C. §§ 1692 e, e(2), e(5), e(10), f, and f(1) by falsely indicating the amount of the alleged debt; what interest accumulated post charge off; and whether interest accrues on judgments.

28. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

29. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class. Class members were deprived of the information to which they are legally entitled leaving them less informed about how to address/resolve the alleged debt.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(E) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: West Islip , New York
      June 14, 2017

                                      RESPECTFULLY SUBMITTED,

                                      S/ JOSEPH MAURO
                                      Joseph Mauro
                                      The Law Offices of Joseph Mauro, LLC
                                      306 McCall Ave.
                                      West Islip, NY 11795
                                      Tel: (631) 669-0921

# EXHIBIT A

P.O. Box 620130
Atlanta, GA 30362-0142

*Personal & Confidential*

➤ *Address Changed? Make Changes Below*

Edward Shirley
92 S CLINTON AVE
APT 4C
BAY SHORE NY 11706-8663

**IF PAYING BY CREDIT CARD, FILL OUT BELOW**

| ZIP CODE | | | | |
|---|---|---|---|---|
| | ☐ VISA | ☐ MASTERCARD | ☐ (other) | ☐ DISCOVER |

CARD NUMBER _____ EXP. DATE _____ AMOUNT _____

NAME AS IT APPEARS ON CARD _____ MUST INCLUDE 3 DIGIT SECURITY CODE FROM BACK OF CARD _____

SIGNATURE _____

FILE NUMBER: 6615202

Nations Recovery Center, Inc.
P.O. Box 620130
Atlanta, GA 30362-2130

▲ Pay To ▲

➤ Billing Phone Number: _____
➤ E-Mail Address: _____

➤ *Make check or money order payable to Nations Recovery Center* ◀
*Please Detach And Return In The Enclosed Envelope With Your Payment*

**NRC Nations Recovery Center, Inc.**
6491 Peachtree Industrial Blvd. Atlanta, GA 30360
www.PayNRC.com

**Hours of Operation**
Monday - Thursday 9AM-9PM EST
Friday 9AM-5PM EST
Saturday 9AM-1PM EST

| | |
|---|---|
| File #: | 6615202 |
| Current Creditor: | PYOD LLC |
| Original Creditor: | HSBC Bank USA, N.A. |
| Account #: | xxxxxxxxxxxx7359 |
| Judgment Date: | 10/26/2007 |
| Balance: | $7,202.88 |

⬆ **PAY THIS AMOUNT**

06/13/2016

## ACCOUNT NOTICE

Dear Edward Shirley:

The above creditor has placed your account with our company for collection. We realize it may have been an oversight on your part and not an intentional disregard of an obligation.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please call us should you wish to resolve this matter. You may also pay 24/7 at www.PayNRC.com.

Calls received outside of office hours will be promptly returned. Please leave your name, phone number and/or convenient time you wish to be called.

| Mail payment in enclosed envelope | Pay online by credit card: www.PayNRC.com File Number: 6615202 | Call us: (800) 935-1139 | Scan this code with your smartphone to pay your bill online. |
|---|---|---|---|

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

Sincerely,

Account Manager

If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.
(b) If a consumer agrees to a debt payment schedule or other agreement to settle a debt, the debt collector shall provide the consumer with an accounting of the debt on at least a quarterly basis while the consumer is making scheduled payments.
(c) Within 20 business days of the receipt of a payment satisfying a consumer's debt, the debt collector shall send to the consumer a written confirmation of the satisfaction of the debt that identifies the original creditor and the account number.

  

Nations Recovery Center, Inc. has a Better Business Bureau Rating of A+

655209
00000142
04114
NTR.wrld
1 of 1

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Sherman Companies"). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

042616

